UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW JERSEY

Mitchell Schley, Esq.
Law Offices of Mitchell Schley, LLC
197 Route 18 South, Suite 3000
East Brunswick, NJ 08816
732-325-0318
*Attorneys for Plaintiffs*

|  |  |
|---|---|
| **JOSE JUAN ALONSO GIL, MOISES GUSMAN GARCIA, and FAUSTINO DEHESA OROZCO, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs,<br><br>- against -<br><br>**B & B IRON WORKS, INC., MAURO BELGIOVINE**, an Individual, GENERAL CONTRACTORS 1-20, and SURETY COMPANIES 1-20,**<br><br>Defendants. | Civ. Action No.:<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |

Plaintiffs Jose Juan Alonso Gil, Moises Gusman Garcia, and Faustino Dehesa Orozco ("plaintiffs") on behalf of themselves and all others similarly situated, by way of Complaint against Defendants, B & B Iron Works, Inc. ("B & B"), Mauro Belgiovine ("Belgiovine") an Individual, General Contractors 1-20, and Surety Companies 1-20, (collectively, "defendants") allege, upon information and belief, except as to allegations that pertain to plaintiffs which are based upon personal knowledge, as follows:

**NATURE OF THE COMPLAINT**

1.       B & B is a New Jersey construction structural iron and steel fabricator established by its owner, Mauro Belgiovine in or about 1982. It is one of the largest structural iron and steel

fabricators in New Jersey and derives revenue from public works contracts within the meaning of the New Jersey Prevailing Wage Act (the "NJWPA" or the "Act"). According to its website, B & B is "New Jersey's premier steel fabricator."

2.      The NJPWA, N.J.S.A. 34:11-56.25--34:11-67.2; N.J.A.C. 12:60-1.1--12:60-8.7, provides the minimum hourly wage rate that public works employees must be paid. B & B has been engaged in an unlawful scheme to deprive its employees, all or nearly all Spanish-speaking, from the benefits of the NJPWA. Not only has B & B not paid its employees in accordance with the NJPWA, but it has not paid even basic overtime pay mandated by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.* and N.J.A.C 12:56 *et seq*.

3.      This is an action to recover unpaid prevailing wages to plaintiffs and those similarly situated, in accordance with law and applicable contracts that cover various public works projects in the State of New Jersey.

4.      This is also an action to recover damages for unpaid overtime wages pursuant to the FLSA and NJWHL with respect to public works and non-public works contracts.

5.      Plaintiffs seek unpaid prevailing wages, overtime wages, pre- and post-judgment interest, declaratory relief, and attorney's fees and costs pursuant to the FLSA, NJWHL and NJPWA on behalf of themselves and all other similarly situated production workers.

6.      All references herein to the "prevailing wage" or "prevailing wage rate" means the full compensation mandated by the NJPWA including but not limited to the basic hourly wage rate, fringe benefit rate, shift differential rate, Sunday and holiday rate, and overtime rate.

7.      All references herein to "plaintiffs" includes those employees similarly situated.

## JURISDICTION AND VENUE

8.     This Court has federal question subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NJWHL and NJPWA and related claims pursuant to 28 U.S.C. § 1367.

9.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.    Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district and B & B resides in this district.

## PARTIES

11.    Plaintiffs, Jose Juan Alonso Gil ("Gil") and Moises Gusman Garcia ("Garcia") are residents of New Jersey in Passaic County. Plaintiff, Faustino Dehesa Orozco ("Orozco") is a resident of New Jersey in Hudson County.

12.    Gil was employed as a welder throughout his employment with B & B.

13.    From 2004 to August 2021, Gil was an employee of B & B, and has performed work at issue in this matter.

14.    From 1999 to July 2021, Garcia was an employee of B & B, and has performed work at issue in this matter.

15.    Garcia was employed as a welder throughout his employment with B & B.

16.    From 1997 to October 9, 2021, Orozco was an employee of B & B, and has performed work at issue in this matter.

17.    Orozco was employed as a welder throughout his employment with B & B.

18.    At all relevant times, plaintiffs have been employees engaged in commerce or the production of goods for commerce on behalf of B & B, within the meaning of the FLSA.

19.    At all relevant times, plaintiffs were employees within the meaning of the FLSA.

20.    At all relevant times, plaintiffs were employees within the meaning of NJWHL.

21.    At all relevant times, plaintiffs were employees within the meaning of the NJPWA.

22.    B & B is a structural iron and steel fabricator.

23.    B & B Iron Works, Inc. is a New Jersey corporation.

24.    The B & B facility involved in this proceeding and where plaintiffs were employed, is located at 1 Broad Street, Clifton, New Jersey 07013, in Passaic County.

25.    The B & B Clifton facility has 70,000 square feet and contains various machines that cut, drill, bend and join steel in conformance with architectural or engineering blueprints and drawings and specifications. Shop drawings are prepared and structural steel is custom fabricated to the specifications for publics work construction projects or private client construction projects.

26.    B & B is an American Welding Society (AWS) "Certified Welding Fabricator."

27.    B & B is certified by the American Institute of Steel Construction.

28.    At all relevant times, B & B has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. At all relevant times, B & B has had gross annual revenue in excess of $500,000, within the meaning of the FLSA.

29.    At all relevant times, B & B employees have handled goods that have been moved in, or produced in commerce. B & B has been at all relevant times an employer engaged in interstate commerce and/or production of goods for commerce with a gross annual revenue an excess of $500,000, within the meaning of the FLSA.

30.    B & B has been at all relevant times an employer within the meaning of the FLSA.

31.    B & B has been at all relevant times an employer within the meaning of the NJWHL.

32.    B & B has been at all relevant times an employer within the meaning of the NJPWA.

33.    At all relevant times, B & B has been involved in numerous non-federal public works projects for public bodies in the State of New Jersey, such as public schools, public libraries, and government buildings.

34.    Since January 2019, B&B has derived more than fifty percent of its annual revenue from public works projects.

35.    B & B is and has been at all relevant times wholly owned by Mauro Belgiovine.

36.    Belgiovine is the corporate agent for service of process for B & B.

37.    Defendant Belgiovine is a resident of Mahwah, New Jersey, in Bergen County.

38.    At all relevant times, Belgiovine has been B & B's president.

39.    Mauro Belgiovine's sons, Vincent Belgiovine and Anthony Belgiovine are B & B's Vice Presidents.

40.    Belgiovine has operational duties over B & B and makes decisions concerning B & B's day-to-day operations.

41.    Belgiovine hires and fires his employees.

42.    Belgiovine decides the rate of pay and any other forms of compensation given to his employees.

43.    Belgiovine determines the method by which employees are paid and how the pay is calculated.

44.    Belgiovine issues paychecks to his employees.

45.    Belgiovine decides the work schedule of his employees.

46.    Belgiovine assigns work to his employees.

47.    Belgiovine manages and controls the work performed by his employees.

48.    Belgiovine disciplines his employees.

49.    Belgiovine determines the labor relations and employment policies and practices with respect to his employees.

50.    Belgiovine maintains employee records, personnel files, payroll records, time records, and tax records for his employees.

51.    Belgiovine owns the B & B Clifton, New Jersey facility.

52.    Belgiovine signs contracts on behalf of B & B to perform public works for general contractors who have contracts with public bodies.

53.    Belgiovine signs contracts on behalf of B & B directly with public bodies to perform public works.

54.    Belgiovine signs contracts on behalf of B & B to perform work for private clients.

55.    Belgiovine communicated with and reached an agreement with A.A. Check Casher, 997 Main Avenue, Clifton, New Jersey 07011, to have A.A. cash checks for plaintiffs and those similarly situated that B & B made payable to plaintiffs and to non-employee third parties that were given to plaintiffs as compensation for work they performed.

56.    At all relevant times, Belgiovine has acted directly or indirectly in the interest of B & B in relation to plaintiffs and those similarly situated, and has been an employer of the plaintiffs and those similarly situated within the meaning of the FLSA and NJWHL.

57.    Belgiovine is personally, jointly and severally liable for the violations of the FLSA and NJWHL by B & B.

58.    Defendant General Contractors 1-20 are yet unidentified entities which contracted with B & B to perform public works covered by the NJPWA, and who are liable for B & B's non-payment of plaintiffs in accordance with the NJPWA and/or otherwise. When the names of the entities are identified in discovery, the Complaint will be amended accordingly.

59.    Defendant Surety Companies 1-20 are yet unidentified entities which are liable for damages suffered by plaintiffs because they provided surety bonds to B & B and/or General Contractors 1-20 to cover their liability to plaintiffs pursuant to the NJPWA and/or otherwise. When the names of the entities are identified in discovery, the Complaint will be amended accordingly.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

60.    Plaintiffs bring the First Count against B & B and Belgiovine as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and other similarly situated individuals, which shall include all production workers, also referred to as shop personnel, employed by B & B at any time within three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

61.    The FLSA Collective consists of over 40 similarly situated current and former production workers who have been victims of B &B's and Belgiovine's common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay.

62.    As part of its regular business practice, B & B and Belgiovine have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and policy of violating the FLSA.

63.    This pattern, practice and policy includes failing to pay plaintiffs and other similarly situated production workers overtime wages at the rate of one-and-one-half times their regular hourly wage rates for all hours worked in excess of 40 in a workweek.

64.    B & B's and Belgiovine's unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

65.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to B & B and Belgiovine and are readily identifiable and can be located through their records, which B & B and Belgiovine are required to create and maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

### RULE 23 CLASS ACTION ALLEGATIONS

66.     Plaintiffs bring the following counts against the respective defendants as a class action, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of a class that shall include all production workers, also referred to as shop personnel, employed by B & B and Belgiovine any time within the applicable statute of limitations period prior to the filing of this action through the entry of judgment in this action (the "New Jersey Rule 23 Class").

67.     Plaintiffs bring Count Two against B & B and Belgiovine as a class action pursuant to the NJWHL. The relevant period for this count begins six years before the filing of this Complaint.

68.     Plaintiffs bring Count Three against B & B as a class action pursuant to the NJPWA. The relevant period for this count begins on March 18, 2019.

69.     Plaintiffs bring Count Four against General Contractors 1-20 as a class action pursuant to the NJPWA. The relevant period for this count begins on March 18, 2019.

70.     Plaintiffs brings Count Six against General Contractors 1-20 as a class action pursuant to common law for contractual liability to third-party beneficiaries. The relevant period for this count begins six years before the filing of the Complaint.

71.    Plaintiffs bring Count Five against Surety Companies 1-20 as a class action pursuant to the New Jersey Public Works Bond Act and or common law. The relevant period for this count begins six years before the filing of the Complaint.

72.    The persons in the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable. The exact number of the New Jersey Rule 23 Class members is unknown to plaintiffs at this time, but there are believed to be over 40 such persons.

73.    The identities of the New Jersey Rule 23 Class members are known to B & B and are contained in the employment records that B & B are required to create and maintain pursuant to the FLSA, NJWHL, and NJPWA.

74.    Plaintiffs' claims are typical of the claims of the New Jersey Rule 23 Class because plaintiffs and the New Jersey Rule 23 Class sustained damages arising out of B & B's conduct in violation of the NJWHL and the NJPWA.

75.    The New Jersey Rule 23 Class members work, or have worked, for B & B in its Clifton facility as production workers, also referred to as shop personnel, and were not paid overtime wages and prevailing wage rates. They have sustained similar types of damages as a result of B & B's failure to comply with the NJWHL and NJPWA.

76.    Gil, Garcia and Orozco will fairly and adequately protect the interests of the members of the New Jersey Rule 23 Class and have retained counsel competent and experienced in complex class action litigation.

77.    Gil, Garcia and Orozco have no interests that are contrary to or in conflict with those of the other members of the New Jersey Rule 23 Class.

78.    Gil, Garcia and Orozco know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

79.     Common questions of law and fact exist as to all members of the New Jersey Rule 23 Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Rule 23 Class are:

      a.   whether B & B violated the NJWHL;

      b.   whether B & B violated the NJPWA;

      c.   whether B & B failed to pay its production workers all overtime wages due at a rate of one and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL;

      d.   whether B & B failed to pay its production workers the prevailing wage pursuant to the NJPWA;

      e.   whether General Contractors 1-20 failed to pay the New Jersey Rule 23 Class the prevailing wage pursuant to the NJPWA and common law;

      f.   whether Surety Companies 1-20 failed to pay the New Jersey Rule 23 Class the prevailing wage pursuant to the New Jersey Public Works Bond Act and common law.

80.     Defendants have acted or refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate relief with respect to the New Jersey Rule 23 Class as a whole.

81.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Rule 23 Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiffs and the New Jersey Rule 23 Class members to individually seek redress for the wrongful conduct alleged.  Individual class members lack the financial resources to conduct a

thorough examination of B & B's compensation practices to vigorously prosecute a lawsuit against them to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

82.     This action is properly maintainable as a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

83.     Count Two alleging violations of the NJWHL is also properly maintainable as a class action on behalf of plaintiffs and employees similarly situated, pursuant to N.J.S.A. 34:11-56a25, which provides: "An employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated, and the employee and employees may designate an agent or representative to maintain the action for and on behalf of all employees similarly situated." This class of production workers is referred to herein as the "NJWHL Class."

84.     Count Three alleging violations of the NPWA is also properly maintainable as a class action on behalf of plaintiffs and employees similarly situated, pursuant to N.J.S.A. 34:11-56.40, which provides: "Any workman shall be entitled to maintain such action for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate an agent or representative to maintain such action for and on behalf of all workmen similarly situated." This class of production workers is referred to herein as the "NJPWA Class."

## FACTUAL ALLEGATIONS

### Overtime Pay

85.     Throughout their employment, plaintiffs' primary duty was welding work on steel that was used for public works projects that B & B was contracted to perform for public bodies, and for private client projects.

86.    B & B recorded the times plaintiffs began and ended work each day with a time clock or similar device located on the wall near the employee entrance to the facility.

87.    At all relevant times, plaintiffs consistently worked over 40 hours a week, typically over 60 hours per week.

88.    Throughout plaintiffs' employment, they regularly worked Monday through Friday from 7:00 a.m. until 7:30 p.m.

89.    Throughout plaintiffs' employment, they regularly worked on Saturdays from 7:00 a.m. until 3:30 p.m.

90.    Throughout plaintiffs' employment, approximately two times per month, plaintiffs worked on Sundays from 7:00 a.m. until 3:30 p.m.

91.    At all relevant times, B & B paid Gil $28.00 per hour.

92.    At all relevant times, B & B paid Garcia $23.00 per hour.

93.    At all relevant times, B & B paid Orozco $22.00 per hour.

94.    B & B did not provide health insurance coverage, pension benefits, shift differential pay, premium pay for Sunday and Holiday work, or overtime pay.

95.    B & B provided plaintiffs, regardless of years of service, one week of paid vacation per year.

96.    B & B provided plaintiffs with five paid holidays per year.

97.    Plaintiffs received weekly pay typically on Fridays. However, B & B gave each plaintiff two paychecks per work week. In certain cases, one paycheck was made payable to plaintiffs and another paycheck was made payable to the name of a third party provided by B & B. In other cases, both paychecks were made payable to the name of a third party.

98.    Plaintiffs were instructed by B & B to have the two checks they received cashed at A.A. Check Casher, 997 Main Ave., Clifton, NJ 07011 based on an arrangement made by B & B with A.A. B & B each week offered to have a driver collect and take the employees' paychecks and deliver them to A.A. and then return the cash to the employees at the facility.

99.    Paychecks made payable by B & B to third parties were signed by plaintiffs in the name of the third-party.

100.    It is illegal in New Jersey for a check cashing business to cash checks for individuals who are not the payee on the check. N.J.S.A. 17:15A-47b; N.J.A.C. 3:24-5.7(a)3

101.    By paying an employee in two separate paychecks made payable to different individuals, it appears that each paycheck represents pay for fewer hours and is a way to conceal that plaintiffs employee worked more than 40 hours in a workweek and thus is due overtime pay.

102.    B & B issued paychecks to plaintiffs that were 10-15 hours per workweek when in reality plaintiffs typically worked at least 60 hours per workweek.

103.    Plaintiffs were entitled to be paid at a rate of one-and-one-half (1 ½) times their regular hourly rate for rate for hours worked in excess of 40 per workweek.

104.    Defendants failed to pay plaintiffs at the rate of one-and-one-half (1 ½) times their regular hourly rate for hours worked in excess of 40 per workweek.

105.    Plaintiffs were not exempt from overtime pay pursuant to the FLSA.

106.    Plaintiffs were not exempt from overtime pay pursuant to the NJWHL.

107.    During 2016, 2017, 2018, 2019, 2020 and 2021, B & B falsified the pay stubs it issued to plaintiffs for all weekly pay periods by listing fewer hours than the plaintiffs actually worked that week.

108.     During 2016, 2017, 2018, 2019, 2020 and 2021, B & B falsified the pay stubs of the plaintiffs for all weekly pay periods by listing a higher rate of pay than plaintiffs actually earned.

109.     For example, B & B did not pay plaintiffs any overtime pay during 2021, although they regularly worked at least 60 hours per week. For example, for the pay period of March 19 through March 25, 2021, plaintiffs were not paid at time and one-half their hourly rate for hours worked in excess of 40 per workweek.

110.     For example, for the pay period of August 14 through August 20, 2020, Gil's paystub states that he is being paid for 18 hours of work that week for a stated rate of $40.00 per hour when he had actually worked at least 60 hours that week and was not paid any overtime pay. He also actually earned $28.00 per hour. He never earned $40.00 per hour nor told so by B & B.

111.     For example, for the pay period of June 4 through June 10, 2021, Gil's paystub states that he is being paid for 20.5 hours of work that week for a stated rate of $40.00 per hour when he had actually worked at least 60 hours that week and was not paid any overtime pay. He also actually earned $28.00 per hour. He never earned $40.00 per hour nor told so by B & B.

112.     B & B never actually paid Gil $40.00 per hour for the hours he actually worked each weekly pay period.

113.     For every weekly pay period Garcia was employed, his paystub never reflected the actual hours he worked nor the actual hourly wage he earned. Further, he was never paid overtime pay mandated by law.

114.     For example, for the pay period of March 19 through March 25, 2021, Orozco's paystub states that he is being paid for 11.5 hours of work that week for a stated rate of $38.00 per hour when he had actually worked at least 60 hours that week and was not paid any overtime pay. He also actually earned $22.00 per hour. He never earned $38.00 per hour nor told so by B & B.

115.    For example, for the pay period of January 1 through January 7, 2021, Orozco's paystub states that he is being paid for 12.5 hours of work that week for a stated rate of $38.00 per hour when he had actually worked at least 60 hours that week and was not paid any overtime pay. He also actually earned $22.00 per hour. He never earned $38.00 per hour nor told so by B & B.

116.    B & B never actually paid Orozco $38.00 per hour for the hours he actually worked each weekly pay period.

117.    B & B falsified the paychecks of plaintiffs in order to deprive them of their lawful correct pay and to deceive any reviewing parties or legal authorities.

118.    The foregoing practices by B & B were done willfully to disguise the actual number of hours plaintiffs worked and to avoid paying plaintiffs in accordance with law for all hours worked and for overtime pay due.

119.    On several occasions during the relevant period, Gil, Garcia and Orozco each separately asked Belgiovine for overtime pay and Belgiovine responded that he does not pay overtime and that the door is always open for them to leave if they did not like their pay.

120.    At all relevant times, B & B and Belgiovine willfully disregarded and purposely evaded state and federal employee record-keeping requirements by failing to maintain accurate and complete time records and payroll records for plaintiffs and those similarly situated. 29 CFR 516; N.J.S.A. 34:11-56a20; N.J.A.C. 12-56-4.1

121.    The NJWHL requires employers to maintain employee time and payroll records for six years. N.J.A.C. 12:56-4.4.

122.    At all relevant times, B & B failed to post wage and hour notices required by the FLSA and NJWHL in a conspicuous and accessible place for employees. 29 CFR 516.4; N.J.S.A. 34:11-56a21

**The New Jersey Prevailing Wage Act ("NJPWA" or the "Act")**

123.    The New Jersey Prevailing Wage Act, N.J.S.A 34: 11-56.25 et seq., establishes a prevailing wage level for workers engaged in public works. Public works projects subject to the Act are those funded with the funds of a public body. General contractors and subcontractors are required to pay prevailing wages as provided for in the Act.

124.    Plaintiffs performed work for a "public body" which is the State of New Jersey, any of its political subdivisions, any authority created by the Legislature of the State of New Jersey and any instrumentality or agency of the State of New Jersey or any of its political subdivisions. N.J.S.A. 34:11-56(4)

125.    At all relevant times, B & B has been a contractor and/or subcontractor within the meaning of the Act.

126.    On March 18, 2019, the NJPWA was amended to extend the prevailing wage obligation to work performed in the custom fabrication "either of components or structures pre-fabricated to specifications for a particular project of public work or of other materials finished into components without further modification for use in a project of public work or for use in a type or classification of a project of public work." N.J.S.A. 34:11-56.26(12)(b).

127.    N.J.S.A. 34:11-56.26(12)(b) became effective immediately, on March 18, 2019.

128.    The March 18, 2019 NJPWA amendment covers custom structural steel and iron fabrication work performed by plaintiffs for public bodies at B & B's facility from March 18, 2019 to the present.

129.    The North American Classification System, or NAICS, is a classification system of production companies used by government and business. B & B identifies itself in the craft category of "Iron and Steel Fabrication" with an NAICS Code of 238130.

130.   B & B has been an employer within the meaning of the Act since March 18, 2019.

131.   The Act provides that a covered "worker" includes a laborer, mechanic, skilled or unskilled laborer and apprentices or helpers employed by any contractor or subcontractor engaged in the performance of service directly upon a public work. N.J.S.A. 34:11-56.25(7).

132.   Plaintiffs were covered workers within the meaning of N.J.S.A. 34:11-56.26(12)(b) and N.J.S.A. 34:11-56.25(7).

133.   Applicable prevailing wage rates pursuant to the Act are those in effect on the date the contract is awarded.

134.   The Act requires that payments to workers increase as the applicable prevailing wage rates increase during the course of the contract.

135.   The Act requires that contractors and subcontractors must submit to the public body certified payroll records for each pay period within 10 days of the payment of wages. N.J.A.C. 12:60-5.1(c).

136.   B & B submitted certified payroll records for plaintiffs and those similarly situated to public bodies from March 18, 2019 to the present in connection with public works it performed.

137.   The certified payroll records B & B submitted to public bodies misrepresented the hours of work and wages B & B actually paid to plaintiffs and those similarly situated.

138.   The Act provides that, "Each week in any day of which a worker is paid less than the rate applicable to him or her under the Act or under a minimum fair wage order, and each employee so paid, shall constitute a separate offense." N.J.A.C. 12:60-8.2(c).

139.   During the relevant period, B & B entered into contracts with general contractors or directly with public bodies to perform steel fabrication work for public works projects within the meaning of the Act.

140.    All of the public works contracts with general contractors or directly with public bodies entered into by B & B to perform work from March 18, 2019 to the present were covered by the Act.

141.    The State of New Jersey, the counties of New Jersey and all public entities subject to the Act are mandated to require contractors and subcontractors who bid on public works projects to use the same prevailing wage rates in their bid with respect to work covered by the Act.

142.    The contracts with the State of New Jersey, the counties of New Jersey and all public entities provide that the general contractor, sometimes referred to as the prime or principal contractor, and each subcontractor shall comply with the Act with respect to work covered by the Act and that the NJPWA is made a part of the contract.

143.    At all relevant times, the contracts public bodies entered into with General Contractors 1-20 required that they ensure that the employees of subcontractors paid the prevailing wage in accordance with the Act.

144.    B & B prepared and submitted its contract bid proposals to fabricate structural steel at its facility for various public works contracts as to labor costs in accordance with the prevailing wage rate valid as of the proposal date, as required by the Act.

145.    Plaintiffs and those similarly situated are production workers, including welders, who are covered employees within the meaning of the Act.

146.    B & B's website states that all of its "welding personnel are AWSD1.1 certified."

147.    At all relevant times, B & B's welding personnel have been AWSD1.1 certified.

148.    Since March 18, 2019, the labor costs set forth in the public works contracts to which B & B have been a party reflect the prevailing wage rate applicable to plaintiffs and those similarly situated.

149.     During the relevant period, B & B did not pay plaintiffs and those similarly situated in accordance with the prevailing wage mandated by the Act.

150.     During the relevant period, plaintiffs and those similarly situated should have been paid for public works the prevailing wage rate certified in the "New Jersey Department of Labor and Workforce Development Prevailing Wage Rate Determination" ("Rate Sheet") in Passaic County for the craft of "Ironworker" and the job title of "Structural Journeyman." N.J.S.A 34:11-56.30

151.     The Rate Sheet for the craft of "welders" in Passaic County provides that the "welders rate is the same as the craft to which the welding is incidental." In this matter, the welding is incidental to the craft of "Ironworker." Thus, B & B should have paid its welders, including plaintiffs, the "Structural Journeyman" rate.

152.     The hourly labor rates for set forth in B & B's public works contracts are based on the prevailing wage rate in accordance with the Act.

153.     B & B paid plaintiffs and those similarly situated who performed public work less than half of the prevailing wage rate.

154.     The Act requires contractors subject to the Act to post the prevailing wage rates due to its employees "in prominent and easily accessible place at the site of work." N.J.S.A. 34:11-56.32.

155.     B & B failed to post the prevailing wage rates due to its employees as required by N.J.S.A. 34:11-56.32.

156.     At all relevant times, every contract B & B entered into with general contractors or directly with public bodies on public works projects required B & B to pay plaintiffs the prevailing wage rate. N.J.S.A. 34:11-56.27

157.     B & B's website states that it is "bonded for $45 million in total work and $20 million per project."

158.    At all relevant times, B & B has been bonded for $45 million in total work and $20 million per project for all of its projects, including the public works projects it contracted to perform.

159.    New Jersey law requires that every contract entered into by a general contractor for a public works project to have a surety bond that includes coverage for unpaid prevailing wages by a subcontractor.

160.    The Public Works Registration Act, N.J.S.A. 34-11-56.48 et seq., provides that no contractor shall bid on any contract for public works unless the contractor is registered with the State of New Jersey.

161.    N.J.A.C. 12:62-2.1(a)(1) provides that no general contractor shall list a subcontractor for a bid proposal for a public works contract unless the subcontractor is registered with the State of New Jersey as a public works contractor.

162.    In 2018, 2019, 2020, and 2021, B & B has been registered with the State of New Jersey as a public works contractor and was assigned the Registration Certification Number of 604165 by the New Jersey Department of Labor and Workforce Development.

## COUNT ONE
### (Fair Labor Standards Act – Unpaid Overtime - FLSA Collective - against B & B and Belgiovine)

163.    Plaintiffs and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

164.    B & B and Belgiovine are required to pay plaintiffs and the FLSA Collective one-and-one-half (1½) times their regular rates of pay for all hours that they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207 et seq.

165.    B & B and Belgiovine have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiffs and the FLSA Collective have regularly worked more than 40 hours per workweek.

166.    B & B and Belgiovine were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

167.    In an effort to evade its obligations under the FLSA, B& B and Belgiovine engaged in a scheme to falsify plaintiffs' time records, payroll records, paychecks, and pay stubs.

168.    As a result of B & B's and Belgiovine's willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages at 100%, pre- and post-judgment interest, and attorney's fees and costs.

## COUNT TWO
### (New Jersey Wage and Hour Law – Unpaid Overtime – New Jersey Rule 23 Class - against B & B and Belgiovine)

169.    Plaintiffs and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

170.    In this Count Two, reference to the New Jersey Rule 23 Class incorporates the "NJWHL Class" described above.

171.    Under the NJWHL, B & B and Belgiovine were required to pay plaintiffs and the New Jersey Rule 23 Class one and one-half (1½) times their regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

172.    Plaintiffs and the New Jersey Rule 23 Class regularly worked more than 40 hours per week.

173.    B & B and Belgiovine have failed to pay plaintiffs and the New Jersey Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

174.    B & B and Belgiovine were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiffs and the New Jersey Rule 23 Class.

175.    B & B and Belgiovine have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiffs and the New Jersey Rule 23 Class members overtime wages.

176.    As a result of B & B's and Belgiovine's willful violations of the NJWHL, plaintiffs and the New Jersey Rule 23 Class have suffered damages by being denied overtime pay in accordance with the NJWHL and are entitled to recovery of such amounts, liquidated damages at 200%, pre- and post-judgment interest, and attorney's fees and costs.

### COUNT THREE
**(New Jersey Prevailing Wage Act – New Jersey Rule 23 Class - against B & B)**

177.    Plaintiffs and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

178.    In this Count Three, reference to the New Jersey Rule 23 Class incorporates the "NJPWA Class" described above.

179.    At all relevant times, B & B was a corporation or other entity acting in the interest of an employer within the meaning of the NJPWA. N.J.S.A. 12:56-2.1.

180.    At all relevant times, B & B employed plaintiffs within the meaning of the NJPWA, N.J.S.A. 34:11-56.40.

181.   B & B regularly engaged, at all relevant times, in custom steel fabrication for various public works construction projects for public entities, on public property, and/or paid with public funds.

182.   At all relevant times, all public works' contracts entered into by B & B were for more than the "prevailing wage threshold amount" contained in N.J.A.C. 12-60-1.4.

183.   At all relevant times, B & B was registered to perform public work within the State of New Jersey pursuant to the Public Works Contractor Registration Act. N.J.S.A. 34:11-56.48 to 56:57; N.J.A.C. 12:62-1.1 to 2.2.

184.   The NJPWA requires that every contractor and subcontractor must keep accurate records showing the name, trade or craft, and actual hourly rate of wages paid to each worker. N.J.S.A. 34:11-56.29.

185.   At all relevant times, B & B failed to maintain accurate records mandated by N.J.S.A. 34:11-56.29.

186.   At all relevant times, B & B employed plaintiffs and the New Jersey Rule 23 Class to perform work within the scope of the NJPWA pursuant to public works contracts.

187.   At all relevant times, plaintiffs and those similarly situated performed work on B & B's public works contracts in "Crafts" or "Trades" subject to the protections of the NJPWA.

188.   At all relevant times, plaintiff acted within scope of their employment for B & B at the direction of B & B to perform NJPWA covered work.

189.   At all relevant times, B & B violated the NJPWA by failing to pay plaintiffs and the New Jersey Rule 23 Class for the public work performed at prevailing wage.

190.    As a result of B & B's violations of the NJPWA, it is liable for the prevailing wage less any amounts B & B actually paid to plaintiffs and New Jersey Role 23 Class, together with pre- and post-judgement interest, attorney's fees and costs.

**COUNT FOUR**
**(New Jersey Prevailing Wage Act – New Jersey Rule 23 Class -**
**against General Contractors 1-20)**

191.    Plaintiffs and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

192.    B & B, as a subcontractor, contracted with General Contractors 1-20 to provide custom fabricated steel, who in turn were contracted by public bodies to perform public work, within the meaning of the NJPWA.

193.    The NJPWA provides that before a general contractor awards a contract to a subcontractor it must submit to the public entity the New Jersey Department of Labor and Workforce Development certification of registration for all subcontractors listed in its bid proposal to the public body. N.J.S.A. 34:11-56.55.

194.    General Contractors 1-20 did submit B & B's certification of registration to public bodies before awarding a contract to B & B for public work.

195.    Pursuant to the Act, the contract between a public entity and a general contractor for a public works project must specify the prevailing wage rate for all Act covered workers needed to perform the contract. N.J.S.A. 34:11-56.28

196.    The public works contracts between the public bodies and General Contractors 1-20 provide that any subcontractor utilize will pay its employees in accordance with the Act.

197.    The contracts between General Contractors 1-20 and B & B provide that the subcontractor will pay its employees who perform contract work in accordance with the Act.

198.    The contracts between the public bodies and the General Contractors 1-20 require the General Contractors 1-20 to oversee the performance of the work by their subcontractors such as B & B and ensure that workers employed by B & B were paid the prevailing wage in accordance with the Act.

199.    Pursuant to the Act, General Contractors 1-20 are liable for their subcontractors' violations of the Act with respect to the subcontractors' employees. N.J.S.A. 34:11-56.26(7), 34:11-56.27, 34-11-56.28.

200.    Accordingly, General Contractors 1-20 are liable to plaintiffs and the New Jersey Rule 23 Class for B & B's violations under the Act.

201.    As a result, General Contractors 1-20 are liable for the prevailing wage paid to plaintiffs and New Jersey Rule 23 Class, less any amount actually paid by B & B, together with pre- and post-judgement interest, attorney's fees and costs.

## COUNT FIVE
### (Breach of Contract – Third-Party Beneficiary Claim - New Jersey Rule 23 Class – Against General Contractors 1-20 and B & B)

202.    Plaintiffs and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

203.    B & B was required pursuant to the NJPWA to pay the prevailing wage and comply with the FLSA and NJWHL.

204.    Plaintiffs and the New Jersey Rule 23 Class were persons covered by, or the intended third-party beneficiaries of, contracts entered into by General Contractors 1-20 with public bodies to perform work on public works which were covered by the NJPWA.

205.    Plaintiffs and the New Jersey Rule 23 Class were persons covered by, or the intended third-party beneficiaries of, contracts entitled into by B & B directly with public bodies to perform work on public works which were covered by NJPWA.

206.    In accordance with the terms and conditions of the contracts between General Contractors 1-20 and public bodies, General Contractors 1-20 were required under the NJPWA to ensure that the employees of their subcontractors were paid according to applicable laws. Plaintiffs and the New Jersey Rule 23 Class should have been paid prevailing wage and overtime pay for the work and labor they provided in furtherance of the work called for by the contracts. N.J.S.A. 34:11-56.27

207.    General Contractor's 1-20 and B & B failed to pay plaintiffs and the New Jersey Rule 23 Class the lawful wages due to them, which constituted a material breach of the General Contractor's 1-20 contracts with public bodies to perform public works projects.

208.    B & B failed to pay plaintiffs and the New Jersey Rule 23 Class the lawful wages due to them, which constituted a material breach of B & B's contracts directly with public bodies to perform public works projects. These contracts required by their terms that B & B pay its workers in accordance with the NJPWA.

209.    Accordingly, General Contractors 1-20 and B & B are liable for the unpaid prevailing wage and overtime pay due plaintiffs and the New Jersey Rule 23 Class as third-party contractual beneficiaries, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs.

## COUNT SIX
### (Claims against Surety Companies 1-20 – New Jersey Rule 23 Class)

210.    Plaintiffs and the New Jersey Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

211.    The New Jersey Public Works Bond Act (the "Bond Act") requires that the general contractor for a public body contracting public works project furnish a surety bond. N.J.S.A. 2A:44-143.

212.    The bond ensures payment for all labor performed by employees of general contractors and subcontractors for the construction or improvement of a New Jersey public works project. 2A:44-143.

213.    Under the Bond Act an individual who performs labor for the project has for his security recourse on the bond the general contractor is required to file.

214.    The Bond Act provides that employees of the general contractor or subcontractor may make a claim against the surety bond mandated by the Bond Act.

215.    Certain of Defendant Surety Companies 1-20 furnished Labor and Material Payment Bonds to Defendant General Contractors 1-20, the terms of which insured that such Surety Companies 1-20 would pay unpaid wages due to plaintiffs in the event B & B failed to pay those wages.

216.    The duty of a surety is to act in the interest of the beneficiaries of a bond and not in the interest of the beneficiaries of a bond and not in the interest of the employer which obtained the bond.

217.    Certain of Defendant Surety Companies 1-20 furnished Labor and Material Bonds to B & B, the terms of which insured that such Surety Companies, would pay unpaid wages due to plaintiffs in the event B & B failed to pay those wages.

218.    Plaintiffs performed public works within the meaning of NJSA 2A:44-143.

219.    Pursuant to N.J.S.A 2A:44-143 and common law, plaintiffs were the beneficiaries of the surety bond purchased by the general contractor or by B & B for the applicable public work.

220.    As a result of B & B's failure to pay plaintiffs and the New Jersey Rule 23 Class overtime pursuant to the FLSA and NJWHL and the prevailing wage rate pursuant to the NJPWL, during the relevant periods, they seek compensation for these unlawful acts pursuant to any applicable surety bonds under these statutes, purchased by General Contractors 1-20 and/or B & B.

221.    Surety Companies 1-20 are jointly and severally liable pursuant to surety bonds they issued for the violations alleged herein against B & B, Belgiovine and/or General Contractors 1-20.

222.    Plaintiffs do not know at this time the names of the general contractors or their surety companies for whom plaintiffs performed public works.

223.    Plaintiffs do not know at this time the names of the surety companies B & B engaged in connection with its private and public works projects.

224.    When the names of relevant parties can be ascertained through discovery, plaintiffs will amend this Complaint to substitute the actual names for the General Contractors 1-20 and Surety Companies 1-20.

225.    Plaintiffs and the New Jersey Rule 23 Class are entitled to recovery from the applicable surety companies all damages to which they are entitled pursuant to the FLSA, NJWHL and NJPWA, as well as liquidated damages, pre- and post-judgement interest and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs, the FLSA Collective, the New Jersey Rule 23 Class, the NJWHL Class, and the NJPWA Class, respectfully request that this Court enter a judgment:

a.    Certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b), for the employees

28

described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

b.  Designating plaintiffs as representatives of the FLSA Collective;

c.  Certifying the case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure as it pertains to the Count Two through Six for the class of employees described herein, certifying plaintiffs as the class representatives, and designating plaintiff's counsel as Class Counsel;

d.  Certifying the case as a Class/Collective action pursuant to N.J.S.A. 34:11-56a25 and 34:11-56.40.

e.  Authorizing the issuance of notice at the earliest possible time to all production workers who were employed by B & B during the relevant period immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

f.  Declaring that B & B and Belgiovine have violated the overtime provisions of the FLSA and NJWHL;

g.  Declaring that defendants' violations of the FLSA were willful;

h.  Declaring that B & B has violated the NJPWA;

i.  Awarding plaintiffs, the FLSA Collective, and the New Jersey Rule 23 Class damages for unpaid overtime wages;

j.  Awarding plaintiffs and the FLSA Collective liquidated damages at 100% under the FLSA;

k.  Awarding plaintiffs and the New Jersey Rule 23 Class liquidated damages at 200% under the NJWHL;

l.  Awarding plaintiffs, the FLSA Collective, and the New Jersey Rule 23 Class pre- and post-judgment interest under the FLSA, NJWHL and NJPWA;

m.  Awarding plaintiffs, the FLSA Collective, and the New Jersey Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA, NJWHL and NJPWA; and

n.  Awarding such other and further relief as the Court deems just and proper.

**Law Offices of Mitchell Schley, LLC**

By: _/s/ Mitchell Schley_____
Mitchell Schley
197 Route 18, Suite 3000
East Brunswick, NJ 08816
(732) 325-0318
mschley@schleylaw.com
*Attorneys for Plaintiffs*

Dated:  December 13, 2021